UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

KIMBERLY MCKELVEY
14000 Valleyheart Drive
Sherman Oaks, CA 91423,

        *Plaintiff,*

        Civil Action No.

vs.

ELI LILLY AND COMPANY, an Indiana corporation,
Lilly Corporate Center
307 East McCarty Street
Indianapolis, IN 46225,

        *Defendant.*
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(DES LITIGATION – PRODUCTS LIABILITY)**

The Plaintiff sues the Defendant and alleges:

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs. The basis for this Court's jurisdiction is diversity of citizenship under 28 USC §1332.

2. Plaintiff is a resident of the State of California.

3. The Defendant, Eli Lilly and Company, is an Indiana corporation, with its principal place of business other than in the State of California.

4. The Defendant was in the 1950s, 1960s and 1970s, and still is, engaged in the worldwide manufacture, sale, promotion and/or distribution of pharmaceuticals in general,

including the drug diethylstilbestrol or "DES," a synthetic estrogen. The Defendant did business in the District of Columbia in the 1970s and continues to do so today.

5.  In 1948, Lilly made application to the Food and Drug Administration for approval to sell DES for use by pregnant women. On or about November of 1971, the FDA banned DES for use in pregnancy.

6.  Plaintiff Kimberly McKelvey was born on September 1, 1971, in Santa Monica, California.

7.  In 1971, during her pregnancy with Plaintiff, the mother of Plaintiff, Robin McKelvey, ingested the drug DES. Said drug was prescribed by the physicians of Robin McKelvey as a medication to prevent miscarriage. The drug was manufactured, sold, promoted and/or distributed by the Defendant.

8.  Alternatively, the Defendant negligently produced, distributed and/or marketed the type of DES taken by Plaintiff's mother and which caused Plaintiff's injuries. Plaintiff has made a reasonable attempt to identify the specific manufacturer and/or distributor responsible for her injuries and is unable to do so.

### Count I - Negligence

Plaintiff realleges the allegations contained in paragraphs 1 through 8 above and further states:

9.  The Defendant was negligent in its manufacturing, testing, selling, promoting, advertising and/or distributing DES and in furnishing the formula to others for manufacture, marketing, promoting and advertising the drug, because it knew, or in the exercise of

reasonable care, should have known, that among other hazards of this drug, it was a carcinogen, it was ineffective and useless in preventing miscarriages, it was a teratogen and its safety for use during pregnancy had not been established. The Defendant was further negligent in failing to give adequate warning to the medical profession and to the public of the aforesaid hazards and other dangers of this drug, and of its ineffectiveness in preventing miscarriages.

10. As a direct and proximate result of Plaintiff's embryonic exposure to DES, she suffered injuries including, but not limited to, malformation and/or malfunction of her reproductive organs, which has resulted in infertility, depression, anxiety and emotional distress; the inability to conceive future pregnancies and/or the likelihood of complications of future pregnancies in the event she is able to conceive; and extraordinary out-of-pocket expenses during her infertility evaluation and in the future in an effort to cure and correct her injuries; as well as other serious and permanent injuries, and has had and will require extensive hospitalizations, medical care, surgery and lifelong attention. As a result of the foregoing, Plaintiff will be incapacitated from her normal functioning and may be unable to pursue normal means of livelihood; will be precluded from having a normal life and a normal reproductive life, physically, intellectually, vocationally, emotionally or psychologically; and Plaintiff has been otherwise grossly damaged.

11. As a direct and proximate result of the negligence of the Defendant as aforesaid, Plaintiff Kimberly McKelvey has suffered and will continue to suffer bodily harm, permanent injury, physical pain, mental pain and anguish, lost wages, loss of future earning

capacity, loss of enjoyment of life, extreme anxiety concerning the risk of cancer, and she has incurred and will continue to incur substantial out-of-pocket medical expenses and other expenses in an effort to cure and correct her injuries.

Wherefore, Plaintiff demands judgment for damages, costs and trial by jury.

## Count II - Strict Liability

Plaintiff realleges the allegations contained in paragraphs 1 through 11 above and further states:

12. Diethylstilbestrol is, and at all times relevant to this action was, an unreasonably dangerous and harmful drug when used by pregnant women for its advertised and intended purpose as a miscarriage preventative.

13. The Defendant knew, or should have known in the exercise of reasonable care, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and the dangers to unborn children should have been disseminated to overcome the Defendant's extensive advertising campaign proclaiming the safety and efficacy of DES.

14. As a result of Defendant's manufacture, marketing, promotion and/or distribution of this defective and unreasonably dangerous drug, Plaintiff was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

Wherefore, Plaintiff demands judgment for damages, costs and trial by jury.

**Count III - Breach of Warranty**

Plaintiff realleges the allegations contained in paragraphs 1 through 14 above and further states:

15. At all times material to this action, the Defendant manufactured, marketed, promoted and/or distributed DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

16. Defendant knew or should have known that pregnant women, including the mother of the Plaintiff and her attending physicians, were relying on Defendant's skill and judgment and its implied and express warranties and representations.

17. Plaintiff Kimberly McKelvey was a foreseeable member of that class of persons entitled to rely upon the implied warranties imposed by law upon the Defendant's products. Plaintiff is a beneficiary of the warranties alleged above.

18. At all times material, these implied and express warranties and representations were false, misleading and unfounded. In fact, diethylstilbestrol was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

19. As a direct result of the breach of warranties by the Defendant, Plaintiff Kimberly McKelvey was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

Wherefore, Plaintiff demands judgment for damages, costs and trial by jury.

## Count IV - Negligent Misrepresentation

Plaintiff realleges the allegations contained in paragraphs 1 through 19 above and further states:

20. Defendant falsely represented to Plaintiff's mother, her physicians and members of the general public, that DES was safe and efficacious for use in preventing miscarriage by virtue of intentionally ambiguous, vague, confusing and inconsistent labeling. The representations by the Defendant and the lack of them were in fact false. The true facts were that the DES product was not safe for said purpose and was, in fact, dangerous to the health and body of Plaintiff.

21. The Defendant made the aforesaid representations with no reasonable ground for believing them to be true. Defendant did not have accurate or sufficient information concerning these representations. Further, the Defendant was aware that without such information it could not accurately make the aforesaid representations.

22. At the time the aforesaid representations were made, the Defendant concealed from Plaintiff's mother and her physicians its lack of information and its consequent inability to make the aforesaid representations accurately.

23. The aforesaid representations were made by the Defendant with the intent to induce Plaintiff's mother and her physicians to act in the manner herein alleged.

24. At the time the Defendant made the aforesaid representations, and at the time Plaintiff's mother ingested DES, Plaintiff's mother and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said

representations, Plaintiff's mother and her physicians were induced to, and did, use and prescribe the aforesaid product as herein described. If Plaintiff's mother and her physicians had known the actual facts, they would not have taken such action. The reliance of Plaintiff's mother and her physicians upon the Defendant's representations was justified because they were made by individuals and entities who appeared to be in a position to know the facts.

25.  As a direct and proximate result of one or more or all of these wrongful acts or omissions of the Defendant, Plaintiff Kimberly McKelvey was unreasonably exposed to DES as an unborn child and has suffered and will continue to suffer injury, loss and damages as aforesaid.

Wherefore, Plaintiff demands judgment for damages, costs and trial by jury.

## Count V - Punitive Damages

Plaintiff realleges the allegations contained in paragraphs 1 through 25 above and further states:

26.  At all times described herein, the Defendant's acts were intentional, willful, wanton and malicious in that its conduct was carried on with a conscious disregard for the safety and rights of the Plaintiff. The Defendant's unconscionable conduct thereby warrants an assessment of exemplary and punitive damages against it in an amount appropriate to punish the Defendant and set an example of it.

Wherefore, Plaintiff prays for punitive damages against the Defendant in a sum greater than Seventy Five Thousand Dollars ($75,000), as well as interest, costs, attorney's fees and expenses.

Dated: October 19, 2006.

        Respectfully submitted,

        PATRICIA MARTIN STANFORD, P.A.

        /s/ Patricia M. Stanford
        PATRICIA MARTIN STANFORD, ESQUIRE
        DC Bar No. 471672
        3609 Hendricks Avenue
        Jacksonville, Florida 32207
        904-346-4215   Fax 904-346-4275
        ATTORNEY FOR PLAINTIFF

JS-44
(Rev. 2/01 DC)

**CIVIL COVER SHEET**

Case 1:06-cv-01820-RMC  Document 1-2  Filed 10/23/2006  Page 1 of 2

06-1820 RMC

## I (a) PLAINTIFFS
Kimberly McKelvey

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Patricia Martin Stanford, P.A.
3609 Hendricks Avenue
Jacksonville, Florida 32207
(904) 346-4215

## DEFENDANTS
Eli Lilly and Company, an Indiana corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Marion
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER: 1:06CV01820
JUDGE: Rosemary M. Collyer
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 10/23/2006

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
x 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | x 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | x 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**X B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
x 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR   ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ☐ G. *Habeas Corpus/2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 721 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-voting (if Voting Rights Act) |

**V. ORIGIN**
- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi district Litigation
- ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 (USC) § 1332 Pharmaceutical Product Liability Claim involving exposure to the drug DES.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $1,000,000    Check YES only if demanded in complaint  JURY DEMAND: x YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  x NO  If yes, please complete related case form.

DATE 10/19/06    SIGNATURE OF ATTORNEY OF RECORD: Patricia M Stanford

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



RECEIVED OCT 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT