**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Kimberly McKelvey<br>14000 Valleyheart Drive<br>Sherman Oaks, CA 91423<br><br>Plaintiff,<br><br>vs.<br><br>Eli Lilly and Company<br>Lilly Corporate Center<br>307 East McCarty Street<br>Indianapolis, IN 46225<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.1:06-CV-01820 (RMC) |

**DEFENDANT ELI LILLY AND COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

**FIRST DEFENSE**

1.     Lilly admits that Plaintiff claims damages in excess of the state court jurisdictional requirements and admits diversity of citizenship under 28 USC §1332.

2.     Lilly admits that Plaintiff alleges that she is a California resident, but states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies said allegations at this time.

3.      Lilly admits that it is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of Indiana.

4.      Lilly admits that it is a corporation engaged in the manufacture, sale and distribution of pharmaceuticals, and that it engaged in the manufacture, sale and distribution of pharmaceuticals, including the drug diethylstilbestrol (sometimes referred to as "DES"), in the 1950s, 1960s and 1970s.  Lilly also admits that in the 1950s, 1960s and 1970s, and currently, it sold/sells pharmaceuticals in the District of Columbia and elsewhere.  Lilly denies all other allegations in paragraph 4 of the Complaint.

5.      Lilly denies the allegations in paragraph 5 as stated, but admits that, following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for prevention of certain accidents of pregnancy as referenced in its product literature.  Further answering, Lilly states that in 1971 the FDA required pharmaceutical manufacturers to modify their product literature to list pregnancy as a contraindication to the use of diethylstilbestrol.  Further answering, Lilly denies all other allegations in paragraph 5 of the Complaint.

6.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies said allegations at this time.

7.      Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 concerning the alleged prescription and ingestion of diethylstilbestrol and, therefore, denies said allegations at this time.  Lilly denies all other allegations in paragraph 7 of the Complaint.

8.    Lilly denies the allegations in the first sentence of paragraph 8 of the Complaint.  Further answering, Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 concerning Plaintiff's attempt to identify the specific manufacturer and/or distributor of the diethylstilbestrol allegedly taken by Plaintiff Kimberley McKelvey's mother and, therefore, denies said allegations at this time.  Lilly denies all other allegations in paragraph 8 of the Complaint.

## COUNT I – NEGLIGENCE

Lilly repeats and realleges its answers in paragraphs 1 through 8 above.

9.    Lilly denies the allegations in paragraph 9 of the Complaint.

10.    Lilly denies the allegations in paragraph 10 of the Complaint.

11.    Lilly denies the allegations in paragraph 11 of the Complaint.  Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

## COUNT II - STRICT LIABILITY

Lilly repeats and realleges its answers in paragraphs 1 through 11 above.

12.    Lilly denies the allegations in paragraph 12 of the Complaint.

13.    Lilly denies the allegations in paragraph 13 of the Complaint.

14.    Lilly denies the allegations in paragraph 14 of the Complaint.  Further answering, Lilly denies that Plaintiff is entitled to judgment of any type against Lilly.

## COUNT III - BREACH OF WARRANTY

Lilly repeats and realleges its answers in paragraphs 1 through 14 above.

15.    Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.  Further answering, Lilly denies the remaining allegations in paragraph 15 of the Complaint.

2165692v1

16.     Lilly denies the allegations in paragraph 16 of the Complaint.

17.     Lilly denies the allegations in paragraph 17 of the Complaint.

18.     Lilly denies the allegations in paragraph 18 of the Complaint.

19.     Lilly denies the allegations in paragraph 19 of the Complaint.   Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

## COUNT IV - NEGLIGENT MISREPRESENTATION

Lilly repeats and realleges its answers in paragraphs 1 through 19 above.

20.     Lilly denies the allegations in paragraph 20 of the Complaint.

21.     Lilly denies the allegations in paragraph 21 of the Complaint.

22.     Lilly denies the allegations in paragraph 22 of the Complaint.

23.     Lilly denies the allegations in paragraph 23 of the Complaint.

24.     Lilly denies the allegations in paragraph 24 of the Complaint.

25.     Lilly denies the allegations in paragraph 25 of the Complaint.   Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.

## COUNT V – PUNITIVE DAMAGES

Lilly repeats and realleges its answers in paragraphs 1 through 25 above.

26.     Lilly denies the allegations in paragraph 26 of the Complaint.   Further answering, Lilly denies that Plaintiff is entitled to judgment of any kind against Lilly.  Lilly also denies each and every allegation in the Complaint not specifically admitted.

## ADDITIONAL DEFENSES

For further answer to said Complaint, Lilly alleges the following additional defenses:

1.     Plaintiff has no cause of action and, under the relevant law, no duty was owed to Plaintiff at the time plaintiff Kimberley McKelvey's mother allegedly ingested

- 4 -

diethylstilbestrol or at the time the Plaintiff's injuries, if any, occurred.  As such, Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Lilly.

3.      If Plaintiff sustained injuries or damages, which allegations are not admitted but expressly denied, said injuries and damages were caused, in whole or in part, by the independent conduct of one or more persons or entities over whom Lilly had no control and for whose actions or omissions Lilly may not be held accountable.

4.      The drug product referred to in Plaintiff's Complaint is a prescription medication; the federal government had preempted in a number of respects the field of law applicable to prescription drug products and their labeling during the relevant time period; the manufacture, distribution and sale of the drug product referred to in the Complaint were and are controlled by federal law, and at all relevant times hereto, the manufacture, distribution and sale of said drugs at all times by this defendant were in compliance with applicable federal law; therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted in that such claims for relief, if granted, would impede, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would violate the Supremacy Clause (Art. VI, § 2) of the United States Constitution.

5.      Plaintiff's Complaint fails to state a claim upon which relief can be granted because Lilly's product was in compliance with mandatory government specifications as to chemical components and warnings (labeling).

6.      On information and belief, Plaintiff's Complaint fails to state a claim upon which relief can be granted because, in this case, Plaintiff should be required to allege and prove

the specific identity of the manufacturer of the precise diethylstilbestrol allegedly administered to plaintiff Kimberley McKelvey's mother.  In the alternative, before Plaintiff may rely upon any type of "market share" theory of potential liability, Plaintiff should be required to allege and prove her diligence in investigating and preserving evidence of the identity or identities of the manufacturer or manufacturers of the prescription drug product that she alleges that her mother was prescribed during her pregnancy with Plaintiff as well as evidence pertaining to the circumstances under which the drug was prescribed, if it was prescribed.

       7.     There is no privity between Plaintiff and Lilly, therefore, Plaintiff is barred from bringing any claims in which privity is an element.  Further, Plaintiff's warranty claims are barred because Plaintiff did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

       8.     Plaintiff cannot state any claims sounding in strict liability because, among other things, comments (j) and (k) to Section 402 of the Restatement of Torts (Second) apply to prescription medications such as diethylstilbestrol.

       9.     Plaintiff's claims are barred under Section 4 *et seq.* of the Restatement (Third) of Torts.

       10.     If Plaintiff failed to mitigate her damages or any of them, Plaintiff may not claim as damages those items which were not mitigated by her and/or her damages should be reduced by law.

       11.     Plaintiff failed to bring her action in a timely manner under the applicable statute of limitations or repose, and is therefore barred from seeking relief against Lilly.

       12.     Plaintiff's claims may be barred by estoppel, laches and/or other equitable limitations.

2165692v1

13.    On information and belief, if Plaintiff suffered any injuries, such injuries were caused by an idiosyncratic response or act of God for which Lilly may not be held liable.

14.    Plaintiff cannot recover under her Complaint because Lilly's diethylstilbestrol was manufactured and marketed in accordance with the state of the art at the time.

15.    Plaintiff has failed to join necessary parties to this action as required by law.

16.    If Plaintiff suffered injuries and damages as a proximate cause of any use by plaintiff Kimberley McKelvey's mother of the medication diethylstilbestrol, an allegation denied by this defendant, Plaintiff cannot recover if her injuries were caused by the misuse, alteration, or abuse of the product.

17.    Plaintiff's injuries and damages, if any, are the proximate cause of intervening and/or superseding causes for which Lilly is not liable.

18.    Plaintiff's claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom Lilly discharged any duty to warn.

19.    The causes of action asserted by Plaintiff, if she is unable to identify the manufacturer of the alleged injury-producing product, fail to state a claim upon which relief can be granted in that Plaintiff has asserted claims for relief which, if granted, would contravene Lilly's constitutional right to substantive and procedural due process of the law as preserved for Lilly by the Fourteenth Amendment to the United States Constitution and by comparable guarantees in any applicable state constitutions, including the state of California.

20.    The causes of action asserted by Plaintiff, if she is unable to identify the manufacturer of alleged injury-producing product, fail to state a claim upon which relief can be

granted in that Plaintiff has asserted claims for relief which, if granted, will constitute a taking of private property, for public use, without just compensation. Such a taking would contravene Lilly's constitutional rights as preserved for Lilly by the Fourteenth Amendment to the United States Constitution and by comparable guarantees in any applicable state constitutions, including the state of California.

21.    The causes of action asserted by Plaintiff, if she is unable to identify the manufacturer of the alleged injury-producing product, fail to state a claim upon which relief can be granted in that Plaintiff has asserted claims for relief which, if granted, will constitute a denial of Lilly's constitutional rights to equal protection of the laws as preserved for Lilly by the Fourteenth Amendment to the United States Constitution.

22.    The causes of action asserted by Plaintiff, if she is unable to identify the manufacturer of the alleged injury-producing product, fail to state a claim upon which relief can be granted in that Plaintiff has asserted claims for relief which, if granted, would constitute a denial of Lilly's constitutional rights under the Commerce Clause of Article I, Section 8 of the United States Constitution.

23.    The causes of action asserted by Plaintiff, if she is unable to identify the manufacturer of the alleged injury-producing product, fail to state a claim upon which relief can be granted in that Plaintiff has asserted claims for relief which, if granted, would constitute a denial of Lilly's constitutional rights as preserved for Lilly by the Supremacy Clause of Article VI of the United States Constitution.

24.    Plaintiff's claims should be dismissed and/or transferred due to improper and/or incorrect venue.

2165692v1

25.    Plaintiff's claims should be transferred to a different venue for the convenience of the parties or witnesses and/or in the interest of justice.

26.    Plaintiff has failed to join indispensable parties and/or the manufacturers of a substantial share of the DES Plaintiff's mother allegedly ingested.

27.    Plaintiff's claims should be dismissed because Lilly is not subject to the personal jurisdiction of this Court.

28.    To the extent Plaintiff's expenses have been paid by collateral sources, Lilly may be entitled to a set off of any damages under applicable laws.

31.    Plaintiff's Complaint is barred by the provisions of California Code of Civil Procedure Section 335.1 in that more than two years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

32.    Plaintiff's Complaint is barred by the provisions of California Code of Civil Procedure Sections 338(a) and 338(d) in that more than three years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

33.    Plaintiff's Complaint is barred by the provisions of California Code of Civil Procedure Section 339(1) in that more than two years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

34.    Plaintiff's Complaint is barred by the statutes of limitations found in California Code of Civil Procedure Section 340.5.

35.    Plaintiff's Complaint is barred by the provisions of California Code of Civil Procedure Section 389 in that Plaintiff has failed to join as a party to this action a party or parties in whose absence complete relief cannot be accorded among those already parties subject to a substantial risk of incurring double, multiple and otherwise inconsistent obligations.

36.     Plaintiff's Complaint is barred by the provisions of California Commercial Code Section 2725 in that more than four years elapsed between the accrual of Plaintiff's alleged cause of action and the filing of Plaintiff's Complaint.

37.     This Court lacks jurisdiction over the subject matter of this dispute.

38.     The California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce and violative of freedom of contract.

39.     The State of California's judicially created definitions of manufacturing defect and design defect and standards for determining whether there has been an actionable failure to warn are unconstitutional in that, among other things, they are void for vagueness and an undue burden upon interstate commerce, as well as an impermissible effort to regulation in an area that has previously been preempted by the federal government.

40.     Plaintiff's Complaint is barred by reason of Plaintiff's failure to provide this Defendant with notice of the claimed breach of warranty here in issue as required by Section 2607 of the California Commercial Code.

41.     Defendant's liability, if any, for non-economic loss must be prorated according to the provisions of California Civil Code Section 1431.2.

42.     Plaintiff's Complaint is barred by reason of the decisions of the California Supreme Court in <u>Sindell v. Abbott Laboratories</u>, 26 Cal. 3d 588 (1980) and <u>Brown v. Superior Court</u>, 44 Cal. 3d 1049 (1988) and by reason of the California Appellate Court Decision in <u>Magallanes v. Superior Court</u>, 167 Cal. App. 3d 878 (1985).

43.     With regard to the underlying lawsuit, the Plaintiff, named parties and third persons not parties to this lawsuit were negligent or legally responsible or otherwise at fault

- 10 -

for the damages alleged.  Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiff or settlement or judgment against Defendant, an apportionment of fault be made among all parties and third persons as permitted by <u>Li v. Yellow Cab Company</u> and <u>American Motorcycle Association v. Superior Court</u> by the court or jury.  Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

44.    The damages alleged by Plaintiff, if any are found to exist, are speculative as a matter of law and were unforeseeable at the time any alleged conduct complained of was performed.

WHEREFORE, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1.    That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.    That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Lilly expressly reserves the right to amend its answer to assert additional defenses or to make additional claims for further relief as discovery in this action shall warrant.

Defendant Eli Lilly and Company demands a trial by jury on all issues.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

<u>/s/ John Chadwick Coots</u>
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004

2165692v1

Phone: (202) 783 -8400
Fax: (202) 783-4211

    and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Telephone: 816/474-6550
Facsimile: 816/421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 29th day of November, 2006, which sent notification of such filing to all counsel of record listed below.

Patricia Martin Stanford
PATRICIA MARTIN STANFORD, P.A.
3609 Hendricks Avenue
Jacksonville, FL  32207
**Attorneys for Plaintiff**

  /s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

- 13 -

2165692v1