UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMBERLY MCKELVEY,

        *Plaintiff*,

vs.

        CASE NO. 1:06-CV-01820-RMC
        JUDGE: Rosemary M. Collyer

ELI LILLY AND COMPANY,

        *Defendant.*
_____/

**JOINT 16.3 REPORT**

Pursuant to Local Rule 16.3, the attorney for the plaintiff conferred by telephone and e-mail with counsel for the defendant on various dates up to and including December 7, 2006, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was disagreement.

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that the defendant will bring a dispositive motion as the parties have not yet engaged in any substantial discovery.

TOPIC NO.2: (a) The date by which any other parties shall be joined or the pleadings amended, and (b) whether some or all the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that, as discovery progresses, there

may then be a need to join other parties or to amend the pleadings. In that event, the parties agree to join other parties or amend the pleadings on or before March 18, 2007. (b) The parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO, 3: Whether the case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiff consents to having the case assigned to a magistrate judge. Defendant does not consent to having the case assigned to a magistrate judge.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF THE PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have only recently begun to engage in discovery.

TOPIC NO, 5: Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution; what related steps should be taken to facilitate ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

POSITION OF PARTIES: The parties propose to ask the Court to set this case for mediation with Judge Alan Kay to occur shortly after the close of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies;

and proposed dates for a decision on the motions.

POSITION OF PARTIES: Depending on the information that the defendant learns during discovery, defendant may file a motion for summary judgment or a motion to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what, if any, changes should be made in the scope, form or timing of those disclosures.

POSITION OF PARTIES: The parties hereby stipulate to waive the 26(a)(1) initial disclosures. The parties also agree that if Plaintiff requests an extension of time to respond to defendant's discovery requests, Plaintiff shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in her possession (or the possession of her attorneys); (b) authorizations to obtain medical records; (c) the identity, address, and telephone number, if known, of all known medical providers who have treated Plaintiff and/or Plaintiff's mother; (d) the identity, address, and telephone number, if known, of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of Plaintiff and/or her attorney regarding the identity of the manufacturer of the DES at issue in this lawsuit. Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from Plaintiff), defendant shall send a copy of all such medical records to plaintiff's counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what

limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Federal Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of the plaintiff, any former or present husband, and her mother, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

| | |
|---|---|
| July 16, 2007 | Deadline for plaintiff to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| August 15, 2007 | Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| November 16, 2007 | All discovery closes. The parties agree that experts for either side may be deposed until the close of discovery. |
| December 14, 2007 | Deadline for Filing and service of Dispositive Motions. |
| March 17, 2008 | Pretrial Conference |
| April, 2008 | Trial |

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2).

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in March, 2008.

TOPIC NO. 13: Whether the court should set a firm trial date at the first schedule conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters to be included at this time.

STATEMENT OF THE CASE:

    A.    Plaintiff:

This is a products liability/personal injury case arising from the Plaintiff Kimberly McKelvey's *in utero* exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted, and distributed by the Defendant in 1970-1971 to Ms. McKelvey's mother for the purpose of preventing miscarriage.

The Defendant was negligent in its manufacturing, testing, selling, promoting, advertising and/or distributing DES and in furnishing the formula to others for manufacture, marketing, promoting and advertising the drug, because they knew, or in the exercise of reasonable care, should have known, that among other hazards of this drug, it was a carcinogen, it was ineffective and useless in preventing miscarriages, it was a teratogen and its safety for use during pregnancy had not been established. The Defendant was further negligent in failing to give adequate warning to the medical profession and to the public of the aforesaid hazards and other dangers of this drug, and of its ineffectiveness in preventing miscarriages. Diethylstilbestrol is, and at all times relevant to this action was, an unreasonably dangerous and harmful drug when used by pregnant women for its advertised

and intended purpose as a miscarriage preventative. The Defendant knew, or should have known in the exercise of reasonable care, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and the dangers to unborn children should have been disseminated to overcome the Defendant's extensive advertising campaign proclaiming the safety and efficacy of DES. However, the Defendant's product literature contained no warnings whatsoever of any potential risk to the mother or fetus. As a result of the Defendant's failure to warn, the physician treating Plaintiff's mother prescribed the drug and Plaintiff's mother ingested it, resulting in injuries and damage to Plaintiff.

Plaintiff claims that as a result of Ms. McKelvey's *in utero* exposure to DES, she has suffered injuries including, but not limited to, malformation and/or malfunction of her reproductive organs which resulted in infertility requiring extensive testing and diagnostic procedures; depression, anxiety and emotional distress; and increased likelihood of future complications of pregnancy should she become pregnant  Plaintiff has incurred and will continue to incur substantial out-of-pocket medical expenses and other expenses in an effort to cure and correct Plaintiff Kimberly McKelvey's injuries, and Defendant Eli Lilly and Company is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

  B. <u>Defendant:</u>

 Defendant generally denies that it is liable to the Plaintiff under any of the Plaintiff's causes of action. While discovery has just recently commenced, Defendant believes that the Plaintiff will be unable to come forward with evidence sufficient to meet its burden of persuasion

that Ms. McKelvey was exposed *in utero* to DES in the first place, that any such DES was manufactured or produced by Defendant, that any such DES caused the injuries of which the Plaintiff complains, and that Defendant breached any duties owed to the Plaintiff, breached any warranties, or made any material misrepresentations. Defendant has also asserted several affirmative defenses including that the Plaintiff's claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

    A.    Plaintiff:

The statutory basis for the Plaintiff's causes of action is 28 U.S.C. §1332(a) (diversity jurisdiction).

    B.    Defendant:

The affirmative defense asserted by the Defendant with a statutory basis is that the Plaintiff's claims may be barred by the statute of limitations.

    Respectfully submitted,

| | |
|---|---|
| PATRICIA MARTIN STANFORD, P.A. | SHOOK HARDY & BACON, LLP |
| /s/ Patricia M. Stanford | /s/ John Chadwick Coots |
| Patricia M. Stanford, Esquire (#471672) | John Chadwick Coots, Esquire (#461979) |
| 3609 Hendricks Avenue | 600 14th Street, N.W., Suite 800 |
| Jacksonville, FL 32207 | Washington, DC 20005 |
| 904-346-4215 | 202-783-8400 |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR ELI LILLY AND COMPANY |