IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KIMBERLY MCKELVEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION No. 1:06CV01820 (RMC)** |
| ) | |
| **vs.** ) | |
| ) | |
| ) | |
| **ELI LILLY AND COMPANY,** ) | |
| ) | |
| **Defendant**. ) | |

## DEFENDANT ELI LILLY AND COMPANY'S
## MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California.

This case should be transferred because the Central District of California is a more convenient forum than the District of Columbia, the action could have been brought in the Central District of California, and transfer out of a district with absolutely no connection to the plaintiff's cause of action is in the interest of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

Transfer to the United States District Court for the Central District of California is appropriate because it is a more convenient forum for the parties and witnesses:

- Plaintiff resides in Santa Clarita, California;

- All of plaintiff's doctors -- who allegedly diagnosed and treated plaintiff's alleged injuries -- are in California;

- The events allegedly giving rise to plaintiff's cause of action -- the prescription, purchase, and ingestion of DES, as well as alleged exposure to DES and diagnosis of plaintiff's alleged injuries -- occurred in California;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here;

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Therefore, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the Central District of California.

## L.Cv.R. 7(m) CERTIFICATION

Counsel for Lilly has conferred with plaintiff's counsel, as required by L.Cv.R. 7(m), and plaintiff does not consent to the relief sought in this Motion.

WHEREFORE, based on the foregoing reasons and those more fully set forth in the accompanying Memorandum of Points and Authorities in Support of this Motion, Lilly respectfully requests this Court to grant its motion to transfer this case to the Central District of California.

Respectfully submitted,

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

2

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2327978v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 16th day of February, 2007, which sent notification of such filing to all counsel of record listed below.

Patricia M. Stanford
PATRICIA MARTIN STANFORD, P.A.
3609 Hendricks Avenue
Jacksonville, FL 32207
**Attorney for Plaintiff**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

4

2327978v1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMBERLY MCKELVEY,               )
                                 )
        Plaintiff,               )
                                 )
        vs.                      )        Civ. A. No.1:06CV01820 (RMC)
                                 )
ELI LILLY AND COMPANY,           )
                                 )
        Defendant.               )
                                 )

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA

This product liability action, in which a California resident alleges injuries as a result of plaintiff Kimberly McKelvey's alleged exposure to a synthetic estrogen, diethylstilbestrol ("DES"), during her mother's 1971 pregnancy with her in California, has no connection to the District of Columbia and should be transferred to the United States District Court for the Central District of California. Specifically, under 28 U.S.C. § 1404(a), this Court may transfer this action to the Central District of California "[f]or the convenience of parties and witnesses, in the interest of justice." The relevant factors in this case demonstrate that the United States District Court for the Central District of California is a more convenient forum for the parties and witnesses and that the interest of justice would be served by transfer:

- Plaintiff resides in Santa Clarita, California;

- Plaintiff's mother, a witness with substantial knowledge of facts at issue in this matter, resides in Sherman Oaks, California;

- The events allegedly giving rise to plaintiff's cause of action – the prescription, purchase and ingestion of DES, as well as alleged exposure to DES – occurred in California;

- Plaintiff's doctors – who purportedly diagnosed and treated her alleged injuries – are all located in California;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court;

- This case has no apparent connection to the District of Columbia except that the case was filed here; and

- The interests of justice will not be served by burdening the citizens of the District of Columbia with a case that has no connection to this forum.

Accordingly, in the interests of justice and for the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the Central District of California.

## I.    THIS COURT SHOULD EXERCISE ITS BROAD DISCRETION AND TRANSFER THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Whether to transfer an action to a more convenient forum falls within the wide discretion of the district court.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of forum non conveniens").  Transfer is proper where the action might have been brought originally in the transferee district; where the transferee district is more convenient for witnesses likely to be called at trial; where there is no nexus between the transferor district and the cause of action; and where the interests of justice would be served by transfer.  *See* 28 U.S.C. § 1404(a).

In *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.), this Court granted Lilly's Motion to Transfer a DES case from the District of Columbia because there was a greater connection between the facts of that case and the transferee forum, the District of New Jersey.  The Court noted: "While it is significant that

2

New Jersey has such strong connections to this case, equally significant is that the District of Columbia has no such connection to this matter." (*See* **Attachment A** to Affidavit of John Chadwick Coots in Support of Defendant Eli Lilly and Company's Motion to Transfer, attached as **Exhibit 1**.) *See also Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.) (noting that despite previous denials of motions to transfer in DES cases, where there is a strong connection to a particular jurisdiction and no connection to the District of Columbia, transfer is appropriate). (**Attachment B** to Exhibit 1.)

In both *Thompson* and *Abramson*, this Court distinguished earlier decisions denying Lilly's motions to transfer DES cases out of the District of Columbia. For example, in *Thompson*, Judge Walton noted that *Thompson* was "clearly distinguishable" from *Ingram v. Eli Lilly and Company*, 251 F. Supp. 2d 1 (D.D.C. 2003), because the witnesses in *Ingram* were no longer in Washington state, where plaintiff was exposed to DES, but were spread throughout the country. Similarly, in *Abramson*, Judge Bates distinguished the facts of that case from cases where motions to transfer had been denied because *Abramson* had no connection to the District of Columbia, but had a strong connection to another forum. "Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses." (*See* Attachment B to Exhibit 1, p. 4.).

As set forth below, this case has no connection to the District of Columbia, but a strong connection to the Central District of California. It would be more convenient for the parties to litigate this action in California where crucial fact witnesses reside and because there is absolutely no connection between the District of Columbia and the plaintiff's claims.

3

A.    **This Action "Might Have Been Brought" Originally In The United States District Court For The Central District Of California**

Section 1404(a) permits transfer to a district or division where the case could have been brought in the first instance. 28 U.S.C. § 1404(a). Plaintiff could have brought this action originally in the Central District of California. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a)(2), which provides that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may be brought only in...a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Here, plaintiff Kimberly McKelvey's mother allegedly purchased and ingested DES in Los Angeles, California where she resided throughout her pregnancy with plaintiff. (*See* Plaintiff Kimberly McKelvey's Answers to Eli Lilly and Company's First Set of Interrogatories, Nos. 11, 17 and 20, attached as **Exhibit 2**; Complaint, p. 1, ¶¶ 6, 7). Plaintiff was allegedly exposed to and injured by DES *in utero* in Los Angeles, California. (*Id.*). Moreover, plaintiff still resides in California. (*See* Exhibit 2, No. 2; Complaint, p. 1, caption).[1] Likewise, plaintiff's treating physicians, who allegedly diagnosed and treated her alleged injuries, are in Los Angeles and Thousand Oaks, California. (*See* Exhibit 2, No. 14). Additionally, plaintiff's mother still resides in Sherman Oaks, California. (*See* Exhibit 2, No. 17). Clearly, a substantial part of the events related to plaintiff's claims occurred in California and venue is appropriate there.

Additionally, the Central District of California has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2]

---

[1] Plaintiff's complaint lists her address as 22505 Cardiff Drive, Santa Clarita, California 91350.

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Lilly denies that plaintiff is entitled to recover any damages.

4

Plaintiff resides in and is domiciled in California; Lilly is incorporated and has its principal place of business in Indiana. Further, to the extent permitted by the United States Constitution, California's long-arm statute reaches torts the alleged consequences of which occur within the state of California. *See* Cal. Code Civ. Proc., § 410.10. Thus, the Central District of California is at least as appropriate a forum as the District of Columbia with respect to venue and subject matter and personal jurisdiction.

**B.    The Central District Of California Is Far More Convenient For The Witnesses Likely To Be Called To Testify At Trial**

Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action. In doing so, courts have also looked at ease of access to sources of proof and the amount of expense for willing witnesses. *See Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *see also Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996) (listing as private interest considerations the ease of access to sources of proof and whether the claim arose elsewhere). As confirmed by plaintiff's Complaint and plaintiff's Answers to Lilly's Interrogatories, the potential witnesses and sources of proof concerning the injuries alleged in this case are located in the Central District of California.

There are three major issues in DES causes of action, the resolution of which typically requires deposing witnesses, calling witnesses to trial, and examining medical records. The first issue is the question of exposure, i.e., whether the plaintiff's mother actually ingested diethylstilbestrol during her pregnancy with the plaintiff. Principal witnesses on this point is plaintiff's mother, Robin McKelvey, who resides in, or is subject to the subpoena power of, the Central District of California. (*See* Exhibit 2, Nos. 11, 17 and 20). Additionally, medical records for plaintiff's mother's pregnancy with her, located in the Central District of California

5

to the extent they exist, are also relevant to this issue. Plaintiff's mother cannot be compelled to testify at trial in the District Court for the District of Columbia, while she can be so compelled in the Central District of California.

A second issue is who manufactured the DES that plaintiff's mother allegedly ingested. The principal witnesses on this point are pharmacists and pharmacy employees who worked at the pharmacy where plaintiff's mother allegedly filled her prescription. Plaintiff's mother filled her prescription at a pharmacy located within the Central District of California. (*See* Exhibit 2, No. 20). Any California pharmacy witnesses who may be identified cannot be compelled to testify at trial in the District of Columbia, but can be so compelled in the Central District of California.

A third issue concerns the nature and extent of plaintiff's alleged injuries and the causes of her alleged injuries. Here, plaintiff's case depends on testimony and medical records from the physicians who diagnosed, treated and evaluated plaintiff Kimberly McKelvey, all of whom are in California and can be subpoenaed to the Central District of California. (*See* Exhibit 2, No. 14). None of the physicians whom plaintiff identifies as having treated her alleged injuries are located in the District of Columbia. *See id.* Lilly intends to depose plaintiff's physicians and believes it will be necessary to call them to testify at trial. For purposes of compelling these witnesses to testify at trial, these witnesses are subject to the subpoena power of the United States District Court for the Central District of California, but none are subject to the subpoena power of this Court in the District of Columbia.

In sum, Lilly is not aware of a single fact witness who resides in or is subject to the subpoena power of the District of Columbia. Thus, when considering the convenience of the

6

witnesses as a whole, the Central District of California is by far the most convenient forum for this litigation.

C.    **Plaintiff's Choice Of Forum Is Entitled To Little Deference Because There Is No Nexus Between The District Of Columbia And The Cause Of Action**

Plaintiff has chosen to sue in a forum with no factual nexus with her claims. As this Court wrote in *Abbott Labs.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989), "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiffs' choice of forum may be accorded less weight in a section 1404(a) analysis....In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arises elsewhere." *Id.* (citations and internal quotations omitted). In *McClamrock v. Eli Lilly and Company*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003), this Court cautioned that a plaintiff should not "blindly assume" that because she chose the District of Columbia in which to file suit, that her choice of venue will not be disturbed. "[P]laintiff's choice of forum is not accorded substantial deference where 'the plaintiff's choice of forum has 'no meaningful ties to the controversy and no particular interest in the parties or the subject matter.'" *Id. See also Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001) ("even though a court should typically give deference to a plaintiff's choice of forum, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum."); *Trout Unlimited*, 944 F. Supp. at 17 ("[D]eference to the plaintiff's choice of forum...is mitigated...[and] the showing defendants must make is lessened when the plaintiff's choice of forum has no factual nexus to the case, and, where...transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state.") *Id.* (citations and internal quotations omitted). That a plaintiff's choice of forum is not entitled to substantial deference where the plaintiff does not reside in the forum has been

7

recognized by this Court in granting Lilly's motions to transfer other DES cases. *See Thompson,* Attachment A to Exhibit 1, p. 2 (refusing to give deference to Plaintiff's selected forum where there is no nexus between the chosen jurisdiction and the facts and circumstances of the case); *Abramson,* Attachment B to Exhibit 1, pp. 2-3 (same).[3]

Plaintiff does not reside in the District of Columbia and none of the events concerning plaintiff's claimed injuries as a result of Kimberly McKelvey's alleged *in utero* exposure to diethylstilbestrol are alleged to have occurred in the District of Columbia. Therefore, plaintiff's chosen forum is not entitled to deference.

D.    **Transferring This Action To The United States District Court For The Central District Of California Is In The Interests Of Justice**

Lastly, the interests of justice dictate that this action be transferred to the Central District of California. The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.,* 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

---

[3]    To the extent that plaintiff claims a connection to the District of Columbia based on regulatory action by the FDA in the District of Columbia, courts in the District of Columbia have rejected governmental contacts as a basis for venue in the District of Columbia. *See In re AT&T Access Charge Litig.,* No. Civ. A. 05-1360, 2005 WL 3274561, *3 (D.D.C. Nov. 16, 2005) (Huvelle, J.) (to accept governmental contacts in D.C. as a basis for venue "would amount to an open invitation to litigants to sue private parties in this jurisdiction whenever the case has some relationship to an agency action."). *See also DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22 (D.D.C. 2000); *Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C. Cir. 1993). Indeed, in *Thompson* and *Abramson,* this Court rejected the argument that FDA regulatory action regarding DES established a connection between DES lawsuits and the District of Columbia. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at p. 4 n.6. In both cases, the Court also rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3.

8

These factors point toward the Central District of California and away from the District of Columbia. First, the state of California has a strong interest in seeing that the product liability claims of California citizens are tried fairly and effectively. The next factor, the applicable law, favors California because California state tort law is likely to be applied. Specifically, under the District of Columbia governmental interests choice of law analysis, a court must consider four factors to determine which state's substantive law applies: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). These factors weigh heavily in favor of California law; indeed, not a single factor favors application of District of Columbia law. *See Thompson*, Attachment A to Exhibit 1, at p. 5 n.5 (court found, under similar facts, that the District of Columbia choice of law analysis "would seemingly compel this court to apply Massachusetts law").

Additionally, it is inequitable to saddle the District of Columbia and its resources, including its jurors, with the burden of disposing of a case that has no connection whatsoever to the forum. As Judge Walton noted in *Thompson*, the District of Columbia's court calendar is "quite congested" and there is no reason that the Central District of California cannot adequately resolve this case. *See* Attachment A to Exhibit 1, p. 4 n.4. Similarly, in *Abramson*, Judge Bates held that "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge Kay, with this case."[4] Attachment B to Exhibit 1, pp. 4-5.

---

[4]    As Judge Bates noted, Magistrate Kay's experience mediating DES cases is not sufficient reason to keep a case in the District of Columbia that, for the convenience of the parties

9

## CONCLUSION

This case has a substantial connection to the Central District of California and no connection to the District of Columbia. The interests of justice and the convenience of the parties and witnesses support transfer of this case to the Central District of California. Accordingly, Lilly respectfully requests the Court to transfer this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

Dated: February 16, 2007

Respectfully submitted,

 /s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

---

(cont'd) and in the interest of justice, should be transferred. *See also Thompson*, Attachment A to Exhibit 1, at p. 4, n.4 (noting that Judge Kay's experience did not warrant denial of a motion to transfer).

10

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 16th day of February, 2007, which sent notification of such filing to all counsel of record listed below.

Patricia M. Stanford
PATRICIA MARTIN STANFORD, P.A.
3609 Hendricks Avenue
Jacksonville, FL 32207

**Attorney for Plaintiff**

 /s/ John Chadwick Coots_____
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

11

2326337v1

# Exhibit 1

To
## Memorandum of Points and Authorities in Support of Defendant Eli Lilly and Company's Motion to Transfer to the Central District of California

Filed in:
*McKelvey v. Eli Lilly and Company,*
United States District Court for the District of Columbia
Civ. A. No. 1:06CV01820

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KIMBERLY MCKELVEY,                     \*
                                       \*
            Plaintiffs,                \*
                                       \*
     vs.                               \*     Civil Action No. 1:06CV01820 (RMC)
                                       \*
ELI LILLY AND COMPANY, et al.          \*
                                       \*
            Defendants.                \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AFFIDAVIT OF JOHN CHADWICK COOTS IN SUPPORT OF
DEFENDANT ELI LILLY AND COMPANY'S MOTION TO TRANSFER

          I, John Chadwick Coots, being first sworn on oath, say that the following is true

and correct:

          1.       I am an attorney in the firm of Shook, Hardy & Bacon, LLP, counsel for

defendant Eli Lilly and Company ("Lilly") in the above-captioned action.

          2.       **Attachment A** is a true copy of this Court's decision in *Thompson v. Eli*

*Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003) (Walton, J.).

          3.       **Attachment B** is a true copy of this Court's decision in *Abramson v. Eli*

*Lilly and Company*, Civil Action NO. 03-CV-2541 (D.D.C. Oct. 25, 2004) (Bates, J.).

          Executed on February 16, 2007

                                    _John Chadwick Coots_
                                    John Chadwick Coots

2328000v1

DISTRICT OF                    )
                               )ss.
COLUMBIA                       )

On this 16th day of February, 2007, before me, a notary public in and for said state, personally appeared John Chadwick Coots, to me personally known, who being duly sworn, acknowledged that she had executed the foregoing instrument for purposes therein mentioned and set forth.

NOTARY PUBLIC

**Michel Y. Thompson
Notary Public, District of Columbia
My Commission Expires 10-14-2009**

My Commission Expires:

10|14|09

- 2 -

2328000v1

# Attachment A

### To
## Memorandum of Points and Authorities in Support of Defendant Eli Lilly and Company's Motion to Transfer to the Central District of California

Filed in:
*McKelvey v. Eli Lilly and Company,*
United States District Court for the District of Columbia
Civ. A. No. 1:06CV01820

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY THOMPSON and MARK A. THOMPSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 03-122 (RBW) |
| ELI LILLY AND COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

The plaintiffs, Nancy and Mark Thompson, have brought this product liability action against the defendant, Eli Lilly and Company, for injuries that Mrs. Thompson alleges she suffered as a result of her mother's use of diethylstilbestrol ("DES") during her mother's pregnancy with Mrs. Thompson. The defendant seeks to have this case transferred to the District of Massachusetts "[b]ecause it would be more convenient for the parties to litigate this action in the District of Massachusetts -- where the alleged exposure in utero to (DES) took place, where almost all of the fact witnesses reside -- and because there is absolutely no connection between the District of Columbia and plaintiffs' claims. Motion of Defendant Eli Lilly and Company to Transfer Action, Memorandum of Points and Authorities in Support of Eli Lilly and Company's Motion to Transfer ("Def.'s Mem.) at 2-3. Upon consideration of the parties' submissions and for the reasons set forth below, the Court will transfer this case to the District of Massachusetts.

1

28 U.S.C. § 1404(a) (2000) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. A district court is given broad discretion when considering whether to grant or deny a motion to transfer, which entails first determining whether the action could have been brought in the proposed transferee district and, if so, examining several private and public interest factors. While deference is typically given to a plaintiff's choice of forum and the moving party "bears the burden of demonstrating that transfer pursuant to Section 1404(a) is warranted[,] Gemological Institute of America v. Thi-Dai Phan, 145 F. Supp. 2d 68, 71 (D.D.C. 2001), courts recognize that less deference is given when the chosen forum is not the plaintiff's home forum, Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). With these considerations in mind, the Court will first examine whether this case could have been brought in the District of Massachusetts.

**(A)    Could This Action Have Been Brought in the District of Massachusetts?**

Before a case may be transferred to another judicial district, a court must determine whether the transferee district is a proper venue and can exercise personal jurisdiction. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred… In this case, it is undisputed that this action could have been brought in Massachusetts. This is because the alleged events that gave rise to the plaintiffs' claims occurred there, as Mrs. Thompson's mother received and ingested the DES in Massachusetts. Def.'s Mem. at 1. And, pursuant to Massachusetts' long-arm statute, it is also undisputed that a federal court in Massachusetts would be able to exercise personal jurisdiction over the defendant,

as Eli Lilly acknowledges that it had sufficient contacts with Massachusetts through its sales of DES in that jurisdiction. Id. at 3. (citing Mass. Gen. Laws ch. 223A, § 3 (Massachusetts long-arm statute governing torts allegedly committed in Massachusetts)). Having concluded that this action could have been brought in Massachusetts, the Court will now evaluate whether the private and public interest factors favor the transfer of this action.

**(B)    Do the Interests of the Parties and the Public Favor of Transferring this Case to the District of Massachusetts?**

In considering a motion to transfer, a Court must examine several factors, such as: "[t]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial. Boers, 133 F. Supp. 2d at 65 (D.D.C. 2001) (citation omitted).

Upon evaluating these factors, it is abundantly clear that this case should be transferred to the District of Massachusetts. Massachusetts is the situs where the DES was ingested and therefore the location where any injury resulting from its use occurred. Nearly all of the fact witnesses reside in Massachusetts, including the plaintiffs, Mrs. Thompson's mother, all of the physicians who have treated Mrs. Thompson for the injury she allegedly sustained, and Mrs. Thompson's primary care physicians. Def.'s Mem. at 1-2. Furthermore, the ability to access much of the physical proof with the least effort favors transfer to Massachusetts, as that is where Mrs. Thompson and her mother's

3

medical records are located. And, the pharmacies that sold Mrs. Thompson's mother the DES are also located there.[1]

In addition, because the majority, if not all of the witnesses reside in Massachusetts, any concerns regarding the availability of compulsory process and the expense of securing the presence of the witnesses also favor transfer to Massachusetts. While the plaintiffs focus on the relative congestion of the two courts' calendars as grounds for the case not being transferred,[2] the Court notes that this case is at an early stage of the litigation[3] and this Court's calendar is actually quite congested.[4]

Other relevant factors also weigh in favor of transferring this case to Massachusetts. Not only do the local interests in this matter strongly favor transferring

[1] Defendant notes that the three major issues in DES cases are: the questions of exposure, product identification, and the nature and extent of Mrs. Thompson's alleged injuries. Regarding exposure, defendant anticipates the need to obtain relevant medical records and to depose the physicians that are still alive who treated plaintiff's mother during her pregnancy. Def.'s Mem. at 5. As for product identification, defendant maintains it will need to depose the dispensing pharmacist or other pharmacy employees regarding the dispensing practices of the pharmacy or pharmacies in question. Id. Finally, regarding Mrs. Thompson's injuries, defendant contends that proof of the alleged injuries will come to the fact-finder in the form of medical records located in Massachusetts and from the testimony of Mrs. Thompson's and her mother's physicians. Three of the seven physicians identified by the plaintiffs who treated Mrs. Thomson are still living and believed to currently practice in Massachusetts. Id. at 6. In addition, most, if not all of the other witnesses and non-witness evidence are also located in Massachusetts.

[2] Plaintiffs' counsel seeks to make a comparison between the efficiency and speed of this Court and the District of Massachusetts in resolving DES cases. The basis offered for this comparison is two DES cases originally filed in this Court on October 7, 2002. Compare Christine Foti et ux v. Eli Lilly and Company, Civ.A. No. 02-1977, with Hillary Blank et ux v. Eli Lilly and Company, Civ.A. No. 02-1976. In the first case a motion to transfer the case to Massachusetts was granted on November 22, 2002, and according to the plaintiffs, no action has yet been taken by the Massachusetts district court. And, in an effort to make a comparison between the two jurisdictions, the plaintiffs assert that in the second case a settlement conference has been scheduled for August 5, 2003, before another member of this Court.

[3] This case is currently in the early stages of litigation as the close of discovery is not scheduled to occur until October 15, 2003.

[4] Neither party disputes that the assigned judicial settlement officer, Magistrate Judge Kay, has experience settling DES cases, which admittedly could contribute to the expeditious resolution of this action. However, the District of Massachusetts has been exposed to substantial DES litigation as well, see, e.g., Payton v. Abbott Labs., 100 F.R.D. 336 (D. Mass. 1983), and has had at least five DES cases transferred to it from this district in the last year and a half. Defendant's Reply in Support of its Motion to Transfer ("Def.'s Reply") at 4. Therefore, the plaintiffs have failed to demonstrate that calender congestion in the District of Massachusetts would unduly delay the resolution of this case or that this court is better equipped to ensure the timely processing of a DES case.

4

this case to Massachusetts, but it also appears that Massachusetts state law will govern

the plaintiffs' claims.[5]  And a Massachusetts court is better equipped to apply

Massachusetts law, as another member of this Court has commented, the interests of

justice "[a]re best served by having a case decided by the federal court in the state whose

laws govern the interests at stake.    Trout Unlimited v. United States Dep't of

Agriculture, 944 F. Supp. 13, 19 (D.D.C. 1996).

   While this Court finds it significant that Massachusetts has such strong

connections to this case, equally significant is that the District of Columbia has no such

connection to this matter.  The plaintiffs assert that there is a connection between the

District of Columbia and their claims because this jurisdiction is where the original

industry wide promotion of DES occurred and where defendant lobbied and applied for

Food and Drug Administration approval to sell and promote DES.  Plaintiffs' Opposition

to Defendant's Motion to Transfer ("Pls' Opp'n ) a t 4.  Plaintiffs also argue that the

defendant spent over $6,500,000 in 2001 on marketing and lobbying efforts in the

District of Columbia and currently employs at least 58 lobbyists in this jurisdiction.  Id.

at 5.  Plaintiffs further note that the defendant itself has selected the District of Columbia

as its home forum in litigation against its insurers involving coverage of the DES claims

that have been filed against it.  Id.  This Court is unconvinced that these contacts, which

have no direct connection to this case, favor maintaining this case in the District of

Columbia.

---

[5] If this case remained in the District of Columbia, Massachusetts substantive law would most likely govern this litigation. To determine what law this Court would have to apply, it must use the District of Columbia's choice of law analysis. See Ideal Electronic Security Co. v. International Fidelity Ins. Co., 129 F.3d 143, 148 (D.D.C. 1997).  And this analysis would seemingly compel this court to apply Massachusetts law.

Finally, the Court notes that this case is clearly distinguishable from a recent DES case in which this Court denied transfer pursuant to 28 U.S.C. § 1404(a). In Ingram v. Eli Lilly & Co., No. Civ.A. 02-2023, 2003 U.S. Dist. LEXIS 1619, (D.D.C. January 28, 2003) (Walton, J.), the plaintiff's injuries arose in Seattle, Washington. Id. at *5. However, the plaintiff's mother lived in Oklahoma; the prescribing obstetrician was located in California; plaintiff's expert witnesses resided in Texas, Arkansas, Pennsylvania and Alabama; and none of the expert witnesses that the defendant customarily used were located in the State of Washington State. Id. Thus, although the State of Washington was the location where the DES was prescribed and ingested, none of the vital witnesses remained in that jurisdiction. Id. In this case, there is no such concern over a lack of a substantial connection to one particular jurisdiction. Therefore, the plaintiffs' reliance on Ingram is misplaced.

Accordingly, it is, hereby this 27th day of June, 2003,

**ORDERED** that the defendant's motion to transfer the case is **GRANTED**. It is

**FURTHER ORDERED** that this case shall be transferred to the District of Massachusetts.

REGGIE B. WALTON
United States District Judge

6

**Attachment B**

To
Memorandum of Points and Authorities in Support of
Defendant Eli Lilly and Company's Motion to Transfer
to the Central District of California

Filed in:
*McKelvey v. Eli Lilly and Company,*
United States District Court for the District of Columbia
Civ. A. No. 1:06CV01820

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
VALERIE ABRAMSON, et al.,

    Plaintiffs,

        v.                                  Civil Action No.  03-2541 (JDB)

ELI LILLY AND COMPANY,

    Defendant.
```

## MEMORANDUM OPINION

This in utero diethylstilbestrol (DES) exposure case brought by plaintiff Valerie Abramson and her husband Chett Abramson ("plaintiffs") against defendant Eli Lilly and Company is one of many currently pending in this Court.  Following initial discovery, defendant has moved to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, which defendant submits is a more convenient forum.[1]  The Court agrees based on the specific facts of this case.

## FACTUAL BACKGROUND

There is no dispute as to certain facts central to the disposition of defendant's motion. Plaintiffs reside in New Jersey, as do plaintiff Valerie Abramson's parents.  Ms. Abramson's gynecologist during the relevant 1988 to 2001 period practices in New Jersey.  The other relevant physicians identified by plaintiffs in interrogatory responses all practice in New Jersey and reside in New York (well within the subpoena power of the District of New Jersey pursuant to

---

[1] Briefing on the motion was completed on August 31, 2004.

-1-

Fed.R.Civ.P. 45(b)(2)). No non-party fact witness resides in the District of Columbia or is within the subpoena power of this Court. None of the events relating to plaintiffs giving rise to this specific action have any connection to the District of Columbia. As plaintiffs expressly agree, this case could have been brought in the District of New Jersey.

Plaintiffs do, however, claim some connection to the District of Columbia by virtue of defendant's lobbying and promotion efforts with the Food and Drug Administration ("FDA") relating to DES, which occurred largely in the District of Columbia, although for the most part long ago. Plaintiffs also point out that defendant has itself brought suit in the District of Columbia against its insurers over DES claims. Moreover, plaintiffs observe that many DES cases have been brought here, and that the judges of this Court, and particularly Magistrate Judge Kay, have developed an expertise in these cases.

## ANALYSIS

Most of the judges of this Court, including this judge,[2] have denied similar transfer motions in DES cases against Eli Lilly. Where there is no connection to this forum and a strong connection to one other forum, however, transfer has been granted. See Thompson v. Eli Lilly and Co., Civil Action No. 03-0122 (RBW) (D.D.C. June 27, 2003).

The Court agrees that this action could have been brought in the District of New Jersey.[3] However, plaintiffs' choice of forum is entitled to some weight, although it is given less deference when (as here) the chosen forum is not the plaintiff's home forum. See Piper Aircraft v. Reyno,

---

[2] See Roing, et al. v. Eli Lilly & Co., Civil Action No. 02-2211 (JDB) (D.D.C.) (Order dated Jan. 28, 2003).

[3] There is no doubt that the District of New Jersey would have jurisdiction over the action and that venue is proper there.

-2-

454 U.S. 235, 255-56 (1981); <u>Boers v. United States</u>, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). On the other hand, defendant has engaged in some lobbying and other efforts related to DES in the District of Columbia. Moreover, it is the forum of choice for many DES cases against Eli Lilly, and even has been the forum of choice by Eli Lilly for its litigation against insurers regarding coverage for DES claims.[4] Although it does not appear likely that the District Judges of this Court have developed much real expertise in the substance of these DES cases, certainly Magistrate Judge Kay has considerable experience in the settlement context. Finally, it is undisputed that plaintiffs and defendant both have counsel (the latter in the District of Columbia) experienced in handling this type of litigation, and that those counsel have cooperated in other DES cases in the District of Columbia with respect to making witnesses and documents (including medical records) readily available. These relevant factors, taken together, do not weigh clearly in favor of transfer to the District of New Jersey.

What may be different about this case, however, is the convenience of witnesses factor under section 1404(a). Indeed, "the most critical factor to examine under 28 U.S.C. § 1404(a) is the convenience of the witnesses." <u>Chung v. Chrysler Corp.</u>, 903 F. Supp. 160, 164 (D.D.C. 1996). The ease of access to sources of proof, the expenses for willing witnesses, and whether the claim arose elsewhere are all important considerations in this assessment. <u>See</u> <u>Trout Unlimited v. United States Dep't of Agriculture</u>, 944 F. Supp. 13, 16 (D.D.C. 1996).

Here, all the relevant fact witnesses on exposure, injury and causation are more easily

---

[4] Eli Lilly opposed a motion to transfer in that case, defending its right to choose the District of Columbia courts against allegations that it was engaged in forum shopping. Defendant has explained, however, that the choice of forum there was based in part on the need to accommodate travelers from around the globe.

-3-

accessed in New Jersey than in the District of Columbia – plaintiffs, Ms. Abramson's parents, her gynecologist, and other treating physicians. No fact witness appears to be located in or close to the District of Columbia. The subpoena power of the New Jersey court reaches all those witnesses, while this Court's subpoena power does not.[5] The relevant medical records are also more readily obtained in New Jersey from the various physicians. Nor, quite obviously, did the claim, or any events giving rise to the claim, occur here.

Unlike many of the other DES cases, where relevant witnesses are spread around the country (even in the District of Columbia), this is a case with a single forum that is plainly most convenient for the witnesses – the District of New Jersey. Moreover, that is the forum where most of the operative facts occurred, although some also apparently occurred in other states but not in the District of Columbia.[6] It is simply beyond cavil that transfer to the District of New Jersey will be considerably more convenient (and less expensive) for the witnesses. Importantly, that will also enable the relevant witnesses to be compelled to testify because they will be within the subpoena power of that court, which is not the case were the action to remain in this Court. Finally, given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources, or even Magistrate Judge

---

[5] Conceivably, then, some of those witnesses could decline to appear if the case went forward to trial in this Court.

[6] The Court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia. Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia.

-4-

Kay, with this case.[7]

Accordingly, defendant's motion to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) in the interests of justice and for the convenience of the parties and witnesses will be granted.  A separate order will be issued.


/s/     John D. Bates
JOHN D. BATES
United States District Judge

Dated: October 25, 2004

---

[7] Plaintiffs emphasize the several other cases in this District in which transfer has been denied, including a case brought by Ms. Abramson's sister.  The point remains, however, that section 1404(a) transfer motions are extremely fact-dependent, turning largely on the connection of the specific case to the transferee and transferor forums and the convenience and location of the relevant witnesses.

-5-

Copies to:

Patricia Martin Stanford
3609 Hendricks Avenue
Jacksonville, FL 32207
(904) 346-4215
Fax: (904) 346-4275
E-mail: pmslaw1@aol.com
*Counsel for plaintiffs*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, DC 20006
(202) 223-1200
Fax: (202) 785-6687
E-mail: lmartin@foleyhoag.com

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
Fax: (617) 832-7000
E-mail: jdillon@foleyhoag.com
*Counsel for defendant*

-6-

**Exhibit 2**

To
Memorandum of Points and Authorities in Support of
Defendant Eli Lilly and Company's Motion to Transfer
to the Central District of California

Filed in:
*McKelvey v. Eli Lilly and Company,*
United States District Court for the District of Columbia
Civ. A. No. 1:06CV01820

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMBERLEY MCKELVEY,

        *Plaintiff,*

vs.                         CASE NO. 1:06-CV-01820-RMC

ELI LILLY AND COMPANY,

        *Defendant.*

_____/

### PLAINTIFF KIMBERLEY MCKELVEY'S ANSWERS TO
### ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES

Plaintiff Kimberley McKelvey hereby responds to these interrogatories as follows:

### Preliminary Statement and General Objections

Some of the events relevant to this action occurred approximately thirty-five (35) years ago. Due to the lapse of time, many of the individuals having personal knowledge of such events are deceased or otherwise unavailable and/or unknown to Plaintiff Kimberley McKelvey, and many of Plaintiff's responses to these interrogatories are necessarily limited by and subject to these qualifications. Additionally, many of the events to which the interrogatories related took place many years before Plaintiff Kimberley McKelvey was born. The majority of this Plaintiff's knowledge of the events discussed in these interrogatories was obtained through conversations with Plaintiff's mother, with Plaintiff's physicians, and with the Plaintiff's attorney. To the extent that Defendant's interrogatories request that Plaintiff consult with physicians, pharmacists, attorneys, and other unknown persons, the interrogatories are unduly burdensome, seek to obtain privileged information protected by the physician/patient privilege, attorney/client privilege, and attorney work-product privilege, and in some instances seek information equally available to Defendant. Moreover, Plaintiff objects to

Defendant's attempt to impose a requirement that these interrogatories be deemed continuing or requiring supplemental information as contrary to the applicable rules of civil procedure.

**INTERROGATORY NO. 1:** Please state your present name, date and place of birth, Social Security Number, and all other names you have used or been known by, including the period during which you were known by such other names.

> **ANSWER:**   Kimberley Margaret McKelvey
> born 9/1/1971 St. Johns Hospital, Santa Monica, CA
> SSN 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
> Kimberley Margaret McKelvey from 9/1/71 to present

**INTERROGATORY NO. 2:** Please state in chronological order the full address for each residence at which you have resided for a period of thirty (30) days or more, and state the date each such residency was commenced and terminated.

> **ANSWER:**

| | |
|---|---|
| 22505 Cardiff Drive, Santa Clarita, CA 91350 | 6/05 to present |
| 14302 Miranda Street, Van Nuys, CA 91401 | 8/98 - 6/05 |
| 4642 Willis Avenue, #204, Sherman Oaks, CA 91423 | 9/97 - 8/98 |
| 14000 Valleyheart Drive, Sherman Oaks, CA 91423 | 7/90 - 9/97 |
| 9 Syke Street, Rochdale, Lancs, England | 7/89 - 7/90 |
| 14000 Valleyheart Drive, Sherman Oaks, CA 91423 | 10/87 - 7/89 |
| 2180 Beverly Glen Boulevard, Los Angeles, CA 90024 | 10/86 - 10/87 |
| 1854 Beverly Glen Boulevard, Los Angeles, CA 90024 | 12/85 - 10/86 |
| 978 Teakwood Road, Los Angeles, CA 90049 | 9/71 - 12/85 |

**INTERROGATORY NO. 3:** Please state whether you have ever been married and, if so, for each marriage identify the full name and present address of your spouse, the date and place of marriage and the date, place and manner of the termination of any such marriage, including the date, place and court where any divorce or dissolution was granted.

> **ANSWER:**   Never married.

**ANSWER:**     See medical records and HSG films of Kimberley McKelvey provided with Plaintiff's Responses to Defendant Eli Lilly and Company's First Requests for Production of Documents to Plaintiff. These are the only records presently in the possession of Plaintiff.

**INTERROGATORY NO. 10:** If you have ever been pregnant, please state the number of months or years you attempted to conceive before becoming pregnant and the approximate date of conception; the date of termination of the pregnancy and the result (e.g., childbirth, miscarriage, spontaneous abortion, therapeutic abortion, etc.); the name and address of each physician or other health care provider consulted during the pregnancy; the name and address of the physician or other health care provider attending the birth (or abortion); the name and address of the hospital where each child was born (or each pregnancy, miscarried or aborted); if the pregnancy resulted in the birth of a child, the name and address of each child; whether the child had any birth defects or inherited diseases/disorders and, if so, the nature of each such birth defect, disease or disorder; whether each child is now deceased and, if so, the date, place, and cause of each child's death.

**ANSWER:**     Not applicable.

**INTERROGATORY NO. 11:** Please state the inclusive dates of your mother's pregnancy with you, your mother's and father's names as of your date of birth, your mother's address during her pregnancy with you, the name and address of the doctor and/or other persons who delivered you, the name and address of the hospital or other place where you were delivered, including a description of the location if not delivered in a hospital.

**ANSWER:**     approximately 12/70 - 9/1/71
Robin M. McKelvey and William W. McKelvey
978 Teakwood Road, Los Angeles, CA 90049
Bruce B. Rolf, MD *(deceased)*
11600 Wilshire Boulevard, Los Angeles, CA
St. John's Hospital
1328 22nd Street, Santa Monica, CA

gestational surrogacy and/or adoption. As a result of the foregoing, Plaintiff has been and will be precluded from having a normal life and a normal reproductive life, physically, intellectually, vocationally, emotionally or psychologically. In addition to her physical injuries, Plaintiff has suffered and will continue to suffer bodily harm, permanent injury, physical pain, extreme mental pain and anguish, episodes of grief and depression in connection with her infertility and medical procedures; lost wages, loss of future earning capacity, loss of enjoyment of life, extreme anxiety concerning the risk of cancer, and she has incurred and will continue to incur substantial out-of-pocket medical expenses and other expenses in an effort to cure and correct her injuries. Plaintiff's injuries are continuing and permanent. See medical records and HSG films of Plaintiff Kimberley McKelvey provided with Plaintiff's Responses to Defendant Eli Lilly and Company's First Requests for Production of Documents to Plaintiff.

**INTERROGATORY NO. 14:** If you have been confined, examined, x-rayed or treated in any hospital or clinic or physician's office or have consulted any physician or other heath care provider as a result of any injury, disability, or condition which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, please state the name and address of each such hospital or clinic or office, the name and address of each treating physician or other health care provider, and the nature of the treatment received by you, including the date of each such confinement, examination, x-ray or treatment.

      **ANSWER:**   Plaintiff has received medical care from the following providers:

| | | |
|---|---|---|
| Sidney Smith, MD<br>Santa Monica, CA 90049 | Pediatrics | 1971 - approx<br>late 1970s |
| Martin M. Anderson, MD<br>UCLA Children's Health Center, #265<br>UCLA Medical Center<br>10833 Le Conte Avenue BH225<br>Los Angeles, CA 90095 | Pediatrics/<br>Adolescent | 1978 - 2001 |

| | | |
|---|---|---|
| Dept. OB/GYN<br>UCLA Medical Center<br>10833 LeConte Avenue<br>Los Angeles, CA 90095 | Gyn/DES Clinic | 1994 |
| James Heapes, MD<br>100 UCLA Medical Plaza #383<br>Los Angeles, CA 90024 | OB/Gyn | 1992 - present |
| Richard P. Buyalos, Jr., MD<br>Fertility and Surgical Associates of CA<br>325 Rolling Oaks Drive, #110<br>Thousand Oaks, CA 91361 | Infertility | 2006 - present |

See medical records and HSG films of Kimberley McKelvey provided with Plaintiff's Responses to Defendant Eli Lilly and Company's First Requests for Production of Documents to Plaintiff. These are the only records presently in the possession of Plaintiff.

**INTERROGATORY NO. 15:** Please itemize any and all special damages you claim to have incurred as a result of your alleged exposure to the drug identified in your Complaint, including but not limited to, doctor and hospital bills, prescription bills, counseling services, nursing services, and other employed help, including the name and address of the person or company performing the service, the amount of each bill and the nature of the services rendered.

**ANSWER:**    Plaintiff is in the process of calculating the amount of her out-of-pocket expenses and losses as a result of her *in utero* DES exposure. Plaintiff expects to incur future out-of-pocket expenses and losses as well. Plaintiff is in the process of accumulating all pertinent documentation and will provide this amount as soon as possible and copies will be provided at a later date.

**INTERROGATORY NO. 16:** If you are claiming any loss of income or earnings as a result of any injuries, disabilities or conditions attributed to your alleged exposure to the drug identified in your Complaint, please state the total amount claimed, the dates of employment missed and the reasons

therefore; and for the last 5 years in which you filed federal income tax returns, state as to each return filed, your name as it appeared on the federal return, whether the return was a joint return, and the name of your spouse as it appeared on the return if a joint return was filed, and your address as it appeared on the return.

**ANSWER:**   Plaintiff is in the process of calculating the amount of her lost wages as a result of her *in utero* DES exposure.  Plaintiff expects to incur future loss of earnings as well.  Plaintiff is in the process of accumulating all pertinent documentation and will provide this amount as soon as possible and copies will be provided at a later date.

**INTERROGATORY NO. 17:**  As to your mother, please state her current full name, maiden name, and any other names used; her date and place of birth; her present address if living, the date and cause of death if deceased; all residences at which your mother lived for a period of more than thirty (30) days since her pregnancy with you was diagnosed; any and all major illnesses, diseases and/or conditions your mother has or has had and the approximate dates of such illness, disease and/or condition; the approximate date of each of your mother's pregnancies; the outcome of each of your mother's pregnancies; what drugs, including diethylstilbestrol (DES), were administered in each of your mother's pregnancies; any medical problems developed during your mother's pregnancies; the name and address of each physician or other health care provider your mother consulted during each pregnancy; the name and address of the hospital or clinic where your mother was confined during each such pregnancy; your mother's present marital status and, if married, the name and address of her spouse.

**ANSWER:**   Objection, overbroad, burdensome and irrelevant.  Plaintiff's mother, Robin McKelvey, is not a party to this lawsuit.  Requesting Plaintiff's mother's residential addresses at which she lived for a period of more than thirty (30) days since her pregnancy with Plaintiff was diagnosed is not relevant to the subject matter of the litigation and not reasonably calculated to lead to the discovery

of admissible evidence. Notwithstanding said objections, Plaintiff's mother's address during her

pregnancy with Plaintiff was 978 Teakwood Rd., Los Angeles, CA 90049.

> Robin M. McKelvey *nee* Crossley
> DOB 4-17-42; Palmerston North, New Zealand
> 14000 Valleyheart Drive, Sherman Oaks, CA 91423
>
> To Plaintiff's knowledge, her mother has had no major illnesses other than rheumatic
> fever and transverse myelitis.
>
> Plaintiff's mother had five (5) pregnancies:
> #1    ended in miscarriage 1969; medications unknown; treated by Dr. Bruce Rolf and
>         St. Johns Hospital
> #2    ended in miscarriage 1970; medications DES, other medications unknown; treated
>         by Dr. Bruce Rolf and St. Johns Hospital
> #3    ended in live birth on 9/1/71; medications DES; other medications unknown;
>         treated by Dr. Bruce Rolf and St. Johns Hospital
> #4    ended in live birth on 10/4/73; medications unknown; treated by Dr. Bruce Rolf
>         and St. Johns Hospital
> #5    elective abortion 1975; medications unknown; treated by Dr. Bruce Rolf and Santa
>         Monica Hospital.
>
> Present marital status - divorced.

**INTERROGATORY NO. 18:** As to your father, please state his full name; his place and date of birth;

his present address if living, the date and cause of death if deceased; all residences at which your father

lived for a period of more than thirty (30) days since the date of your birth; all major illnesses, diseases

and/or conditions which your father has or has had and the approximate dates of such illness, disease

and/or condition; his present marital status and, if married, the name and address of his spouse.

> **ANSWER:**    William Warren McKelvey
>                         DOB 8-8-38; Davenport, IA
>                         14302 Miranda Street, Van Nuys, CA 91401
>                         To Plaintiff's knowledge, her father has had no major illnesses.
>                         Present marital status - divorced.

**INTERROGATORY NO. 19:** As to your brothers and sisters, please state their names at birth; their

present names if different from their names at birth and any other names used; their present addresses if

living, the date and cause of their deaths if deceased; all major illnesses, diseases and/or conditions which

each has or has had and the dates of each such illness, disease and/or condition; the date of each of their

births and their relationship to you (natural brother, step-sister, adopted, etc.).

> **ANSWER:**   Katherine "Kate" Murray *nee* McKelvey  (natural sister)
> 351 Greenwich Street, Bedford, NY 10506
> DOB 10/4/73

**INTERROGATORY NO. 20:** As to your allegation that your mother ingested diethylstilbestrol (DES)

during her pregnancy with you, and that such diethylstilbestrol (DES) was manufactured by Lilly, please

state all dates when diethylstilbestrol (DES) was prescribed for your mother, the names and addresses of

each physician who prescribed diethylstilbestrol (DES) for your mother, the names and addresses of all

pharmacies, physician's offices, hospitals, clinics or other places at which your mother obtained

diethylstilbestrol (DES) or it was obtained for her, the name and address of each person known to you

or your representatives who has knowledge of facts which support such allegations and please identify

each fact and each document which support such allegations.

> **ANSWER:**    Objection, overbroad, violates attorney work-product privilege. Plaintiff's mother

recalls taking diethylstilbestrol in pill form on a daily basis beginning very early in her pregnancy with

Plaintiff to prevent miscarriage.  Plaintiff's mother's prescribing physician was Bruce Rolf, MD,

(deceased), 11600 Wilshire Boulevard, Los Angeles, CA.  Plaintiff's mother recalls that her prescriptions

were filled at Brent-Air Pharmacy, 134 S. Barrington Avenue, Los Angeles, CA.  Discovery in this case

has just begun, and Plaintiff reserves the right to supplement this response if and when additional

information is obtained.

**INTERROGATORY NO. 21:** Describe in detail the physical appearance of the diethylstilbestrol you

allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color,

**VERIFICATION**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

      Before me, the undersigned authority, personally appeared KIMBERLEY MCKELVEY, who,

being duly sworn deposes and says that she is the Plaintiff in the foregoing entitled cause of

action and that she is authorized to give the answers to the foregoing interrogatories and that said

answers are true and correct to the best of her knowledge and belief.

                                                 KIMBERLEY MCKELVEY

SWORN TO AND SUBSCRIBED before me
this _22_ day of January, 2007, by
Kimberley McKelvey, personally known
to me or proved to me on the basis of
satisfactory evidence to be the person who
appeared before me.



_EDIK MANGASARIAN_
(Print Name)
Notary Public, State of California
Commission No. _1674459_
Commission expires: _Jun 12 2010_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KIMBERLY MCKELVEY,         )
                                      )
        Plaintiff,        )
                                      )     **CIVIL ACTION No. 1:06CV01820 (RMC)**
      vs.            )
                                      )
ELI LILLY AND COMPANY,   )
                                      )
        Defendant.    )
                                      )

## ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Motion to Transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a),

IT IS HEREBY ORDERED that Eli Lilly and Company's Motion is granted;

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Central District of California.

Dated: _____, 2006     _____
                                     The Honorable Rosemary M. Collyer

cc:    Appended list of counsel of record

## COUNSEL OF RECORD

Patricia M. Stanford
PATRICIA MARTIN STANFORD, P.A.
3609 Hendricks Avenue

137785v1

Jacksonville, FL 32207
**Attorney for Plaintiff**

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004
**Attorneys for Defendant Eli Lilly and Company**

137785v1