THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIMBERLY MCKELVEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ELI LILLY AND COMPANY, )<br>)<br>Defendant. )<br>) | Civ. A. No. 1:06CV01820 (RMC) |

**REPLY IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S
MOTION TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA**

Plaintiff's Memorandum of Law in Opposition to Defendant Eli Lilly and Company's Motion to Transfer to the Central District of California ("Plaintiff's Opposition") does not dispute that this case has substantial connections to the Central District of California and no relevant connection to the District of Columbia. Specifically, the alleged events giving rise to plaintiff's claims, including the alleged prescription, purchase and ingestion of DES and the diagnosis and treatment of plaintiff Kimberley McKelvey's alleged injuries, occurred in the Central District of California. Additionally, all of the non-expert witnesses in this case, including plaintiff, plaintiff's mother, and plaintiff's treating physicians, all reside or are located in the Central District of California. Plaintiff's arguments regarding factors such as travel for plaintiff's counsel and plaintiff's experts have no significant bearing on transfer under 28 U.S.C. § 1404(a). As set forth in Lilly's Memorandum of Points and Authorities in Support of its Motion and below, an analysis of relevant factors and controlling authority warrants transfer of this case to the United States District Court for the Central District of California.

2401684v1

I.  **PLAINTIFF'S CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE**

Plaintiff's initial argument (and the argument that serves as the foundation for plaintiff's remaining arguments) is that her choice of forum is entitled to deference and as such, should only rarely be disturbed. Plaintiff's Opposition, p. 2. However, as noted in Lilly's Memorandum in Support of its Motion to Transfer (at pp. 7-8), plaintiff has chosen to sue in a forum with no factual nexus with her claims. As such, not only is plaintiff's choice of forum not entitled to deference, the presumption may switch to Lilly's favor because neither side resides in this forum and the cause of action arose elsewhere. *Abbott Labs. v. United States Fidelity & Guaranty Co.*, 1989 WL 5557, at *2 (D.D.C. Jan. 10, 1989); *McClamrock v. Eli Lilly and Company*, 267 F. Supp. 2d 33, 37 (D.D.C. 2003); *Boers v. U.S.*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001); *Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996). *See also* this Court's decisions in *Thompson v. Eli Lilly and Company*, Civil Action No. 03-CV-00122 (D.D.C. June 27, 2003), and *Abramson v. Eli Lilly and Company*, Civil Action No. 03-CV-2541 (D.D.C. Oct. 25, 2004), attached to Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer as Exhibit 1, Attachments A and B respectively. Moreover, the deference generally owed to plaintiffs' choice of forum is further diminished where, as here, transfer is sought to the forum where plaintiff resides. *Lentz v. Eli Lilly and Co.*, 464 F.Supp.2d 35, 38 (D.D.C. 2006) (citations omitted); *See also Brannen v. Nat'l R.R. Passenger Corp.*, 403 F.Supp.2d 89, 93 (D.D.C. 2005) (holding "[a]lthough the court gives deference to the plaintiff's choice, it need give substantially less deference when the forum preferred by plaintiff is not his home forum.") (citation and internal quotation marks omitted).

Plaintiff does not reside in the District of Columbia and none of the events concerning plaintiff's claimed injuries as a result of her alleged *in utero* exposure to DES are

alleged to have occurred in the District of Columbia. Accordingly, plaintiff's chosen forum is not entitled to deference.

II. **ANY INCONVENIENCE AND EXPENSES ASSOCIATED WITH TRAVEL FOR PLAINTIFF'S COUNSEL AND THE LOCATION OF PLAINTIFF'S EXPERT WITNESSES DOES NOT WARRANT DENIAL OF LILLY'S MOTION**

Plaintiff argues that plaintiff chose the District of Columbia for several reasons, including that she could not find counsel in California to represent her in this matter and that plaintiff's retained expert witnesses are all located on the east coast of the United States. Plaintiff's Opposition, pp. 3-4. Neither of these factors, even taken together, is sufficient to deny Lilly's motion.

The fact that plaintiff, who resides in the Central District of California, selected counsel who is based in Florida and also practices in the District of Columbia to represent her in a case that allegedly arose in and has substantial connections to the Central District of California, is not a relevant factor to be considered in determining whether to transfer this case under 28 U.S.C. § 1404(a). This Court has noted that the expense associated with plaintiffs' counsel's travel to another district, even one located on the opposite side of the country, "is of minor if any importance" in deciding Lilly's Motion. *See Froessl v. Expervision*, 1994 WL 149855, *2 (D.D.C., Apr 14, 1994) (". . . the inconvenience experienced by plaintiff's counsel in having to travel . . . or to retain local counsel . . . is of minor if any importance under § 1404(a).") (citations omitted). Further, this Court has recently transferred another of plaintiff's counsel's DES cases to California and counsel continued to represent plaintiff in that forum. *See Candy v. Dart Industries, Inc., et al.*, 1:05-CV-00747-JDB.

Plaintiff's argument that her expert witnesses are all located on the east coast is also unavailing. This Court has previously held that the convenience of expert witnesses is not a

3

significant factor in this Court's decision whether to transfer this case under 28 U.S.C. 1404(a). *See Froessl, supra*, 1994 WL 149855, *4 (" . . . although the convenience of experts is not irrelevant [in considering a § 1404(a) motion], the Defendant properly points out that their convenience is entitled to little consideration in this context.") (citation omitted); *see also Lentz*, 464 F.Supp.2d at 38 (discounting plaintiff's argument regarding the convenience of expert witnesses and recognizing that expert witnesses "by virtue of their role as paid experts must be prepared to travel to testify and are compensated for doing so . . .")

### III.   DISCOVERY IS AT AN EARLY STAGE

Plaintiff's claim that significant work up of this case has already taken place is insufficient to overcome Lilly's motion. Plaintiff's Opposition, pp. 4-5. Although a Scheduling Order has been entered, no depositions or expert discovery has taken place. Further, Lilly filed its Motion to Transfer promptly after receiving plaintiff's initial written discovery responses, which were necessary to establish that the case should be transferred to the Central District of California. Discovery is still in its early stages and plaintiff will not be prejudiced in the event the case is transferred. Indeed, any discovery already conducted will stay with the case after transfer.

### IV.   PLAINTIFF CANNOT GUARANTEE THE COOPERATION OF NON-PARTY AND INDEPENDENT FACT WITNESSES AND ACCESS TO DOCUMENTS IN THEIR POSSESSION

Plaintiff next argues: "In dozens of prior DES cases, Plaintiff's counsel has voluntarily provided witnesses to defense counsel – the plaintiffs themselves, husbands, parents, pharmacists and doctors – for deposition upon only the Defendant's oral request." Plaintiff's Opposition, p. 5. Plaintiff's counsel cannot guarantee the cooperation of non-parties over whom plaintiff's counsel has no control. All of the non-party witnesses in this case reside beyond the subpoena power of this Court and, at least as to plaintiff's treating physicians, are unlikely to

voluntarily travel across the country to appear at trial. In contrast, all who have been identified in Lilly's Motion to Transfer and Memorandum in Support are within the subpoena power of the District Court for the Central District of California. Further, there may be independent fact witnesses currently unknown to counsel who reside in the state of California who are unwilling to voluntarily appear for deposition, for trial or to produce documents and will require a subpoena.

It would be prejudicial for Lilly to defend itself against plaintiff's claims and proceed toward trial in a district where none of the non-party fact witnesses are subject to that court's subpoena power and therefore cannot be compelled to testify at trial. Furthermore, the fact-finder ultimately charged with determining the merits of this case would not have the benefit of assessing each witness's credibility, due to the fact that these non-party witnesses could potentially all be absent from subsequent proceedings in this District. *See Pryocap Int'l Corp., v. Ford Motor Co.*, 2003 WL 1623898 at *6 (D.D.C. Mar. 31, 2003, Civ. A. No. 02-CV-346) (*quoting Classen v. Brown*, 1996 WL 79490 at *6 (D.D.C. Feb. 16, 1996, Civ. A. No. 94-CV-1018) ("Live testimony is always markedly preferable to written depositions, particularly where the resolution of critical factual issues will likely turn on the credibility of the witnesses."); *See also DeLoach v. Phillip Morris Cos., Inc.*, 132 F.Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted) (stating that a Court's ability to compel the appearance of unwilling non-party witnesses is an "important factor" to be examined by a district court in weighing the arguments for and against transfer).

Plaintiff's reliance on *Thayer / Patricof Educ. Funding LLC v. Pryor Res.*, 196 F.Supp.2d 21 (D.D.C. 2002), is misplaced. In *Thayer*, unlike here, the relevant events had a "significant connection with this forum." *Id.* at p. 35. As such, plaintiff's choice of forum was

afforded "great deference." *Id.* at p. 31. Here, as noted above in Section I, plaintiff's choice of forum is not entitled to deference because (1) she does not reside in this forum, and (2) there is no factual nexus between this case and the District of Columbia. Plaintiff concedes that she claims she was exposed to DES in California and currently resides there. Plaintiff's Opposition, p.8. Plaintiff concedes that her treating physicians are all located in California. *Id.* at p. 7. Plaintiff concedes that she could have brought this claim in California. *Id.* at p.2. Plaintiff's opposition brief establishes that there is no connection between this case and the District of Columbia and that there are significant and substantial connections between this case and the state of California.[1]

## V.  PRIOR UNRELATED LITIGATION IS NOT A GROUND TO OPPOSE LILLY'S MOTION

Plaintiff's argument that Lilly has, in the past, "employed the courts of the District of Columbia for its own litigation . . ." (Plaintiff's Opposition, p. 6) has specifically been rejected by this Court. In both *Abramson* and *Thompson*, this Court rejected Lilly's previous filing of a lawsuit in the District of Columbia as determinative of a motion to transfer. *See* Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer to the Western District of Washington, Attachment A to Exhibit 1, at p. 5; Attachment B to Exhibit 1, at pp. 2-3. As Judge Bates noted in *Abramson*, Lilly's choice of forum in its litigation against insurers regarding coverage for DES claims was based in part on the need to accommodate travelers from around the globe. *Abramson*, at n.4. This is not an issue for plaintiff in the present case because she resides in the Central District of California, as do all of the other identified non-expert witnesses in this case, including the physicians who have diagnosed and

---

[1] Plaintiff's general reference, without any analysis, to prior DES cases for the purpose of establishing that "[a]t least a dozen motions to transfer have been denied in DES cases" is unavailing. Plaintiff's Opposition, p. 10 n.4. Analysis of the relevant authority and the specific facts of this case establish that transfer to the Central District of California is appropriate.

treated plaintiff's alleged conditions. Further, the fact that the District of Columbia was a convenient forum for that litigation does not determine that the District is appropriate for this case, which alleges a specific personal injury claim premised on a particular sale of a product and the alleged inadequacy of Lilly's warnings at that moment in time.

VI. ALL OF THE RELEVANT EVENTS IN THIS CASE ARE ALLEGED TO HAVE OCCURRED IN CALIFORNIA

Plaintiff also claims that this case is "not necessarily a controversy local to California." Plaintiff's Opposition, p. 9. In support, plaintiff argues: "Millions of women around the country, including here in the District of Columbia, were exposed *in utero* to DES." *Id*. This argument is without merit. This case involves a single plaintiff - Kimberley McKelvey. Plaintiff alleges that her mother was prescribed and purchased DES and that plaintiff was exposed to DES *in utero* in California. All of Plaintiff's treating physicians are located in California. It is difficult to conceive of a DES case with greater ties to a particular forum than this case has to the state of California. Plaintiff's generic reference to millions of unnamed and unknown women who may have been exposed to DES is irrelevant and does not change the relevant facts of this case.[2]

## CONCLUSION

This case substantial connections to the Central District of California and no connection whatsoever to the District of Columbia. The interests of justice supports transfer of

---

[2] Plaintiff also argues there is a nexus between this case (alleging exposure in 1971) and the District of Columbia based upon correspondence dated May 13, 1941 regarding FDA drug applications for DES and the lobbying efforts of a Mr. Carson Frailey. Plaintiff's Opposition, p. 8 n. 2. This court has specifically rejected this argument as a basis for connecting a DES case to the District of Columbia. *See Abramson*, Attachment A to Lilly's Memorandum of Points and Authorities in Support of its Motion to Transfer, at p. 4, n. 6 ("The court does not find persuasive the argument that DES-related lobbying efforts to the FDA tie this case to the District of Columbia. Documents related to those efforts have already been produced to plaintiff's counsel. Likewise, a 1941 meeting of representatives of drug manufacturers in Washington, D.C., is too attenuated a basis for connecting this action to the District of Columbia."); *see also Lentz*, 464 F.Supp.2d at 37 (*citing Thompson, supra*, at p. 5).

7

this case to the Central District of California. Accordingly, Lilly's Motion to Transfer this action to the United States District Court for the Central District of California should be granted.

                                                  Respectfully submitted,

                                         /s/ John Chadwick Coots
                                        Michelle R. Mangrum, D.C. Bar No. 473634
                                        John Chadwick Coots, D.C. Bar No. 461979
                                        Emily J. Laird, D.C. Bar No. 485890
                                        SHOOK, HARDY & BACON, L.L.P
                                        600 14TH Street, NW Suite 800
                                        Washington, D.C. 20005-2004
                                        Phone: (202) 783 -8400
                                        Fax: (202) 783-4211

                                        and

                                        David W. Brooks
                                        SHOOK, HARDY & BACON, L.L.P.
                                        2555 Grand Blvd.
                                        Kansas City, MO 64108
                                        Phone: (816) 474-6550
                                        Fax: (816) 421-5547

                                        **ATTORNEYS FOR DEFENDANT**
                                        **ELI LILLY AND COMPANY**

2401684v1

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, this 9th day of April, 2007, which sent notification of such filing to all counsel of record listed below.

Patricia M. Stanford
PATRICIA MARTIN STANFORD, P.A.
3609 Hendricks Avenue
Jacksonville, FL 32207
**Attorney for Plaintiff**

                                              /s/ John Chadwick Coots
                                              **ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

2401684v1