## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KIMBERLY MCKELVEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1820 (RMC)** |
| | ) | |
| **ELI LILLY AND COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

This is a products liability personal injury case arising from Plaintiff Kimberly McKelvey's alleged in utero exposure to diethylstilbestrol ("DES") manufactured by Eli Lilly and Company ("Lilly"). Lilly moves to transfer this case to U.S. District Court for the Central District of California because it would be more convenient for the parties and the witnesses and because this case has no factual nexus to the District of Columbia. Despite Ms. McKelvey's opposition to the motion, the motion will be granted.

Section 1404(a) authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't. of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Accordingly, Lilly must make two showings to justify transfer. First, Lilly must establish that Ms. McKelvey originally could

have brought the action in the Central District of California. *See Van Dusen*, 376 U.S. at 622-23. Second, Lilly must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to the California court. *See Trout Unlimited*, 944 F. Supp. at 16.

Ms. McKelvey concedes that this action could have been brought in California, Pl.'s Mem. at 2, but she contends that the private and public interest factors do not weigh in favor of a transfer. The private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

A plaintiff's choice of forum is entitled to deference, "except when the plaintiff is a foreigner in that forum." *Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 31-32 (D.D.C. 2002). "[W]hile the plaintiff's choice of forum is generally entitled to deference, where the forum choice has no factual nexus with the lawsuit, plaintiff's choice of forum may be accorded less weight in a section 1404(a) analysis . . . . In fact, the presumption may switch to Defendant's favor when neither party resides in the chosen forum and the cause of action arose elsewhere." *Abbott Labs. v. U.S. Fid. & Guar. Co.*, No. 88-2232, 1989 WL 5557, *2 (D.D.C. Jan. 10, 1989) (citations and internal quotation marks omitted); *see also Boers v. U.S.*, 133 F. Supp. 2d

64, 65 (D.D.C. 2001) (court should give plaintiff's choice of forum substantially less deference when the forum plaintiff prefers is not his home forum); *Trout Unlimited*, 944 F. Supp. at 17 (deference to plaintiff's choice of forum is mitigated where plaintiff chose a forum with no factual nexus to the case and transfer is sought to a forum with ties to plaintiff and the subject matter of the lawsuit).

Ms. McKelvey does not reside in the District of Columbia and this case did not arise here. Ms. McKelvey resides in Santa Clarita, California. The events that gave rise to this case — the prescription, purchase, and ingestion of DES and Ms. McKelvey's in utero exposure to DES — all occurred in California. Because Ms. McKelvey does not reside here and the District of Columbia has no factual nexus to this case, Ms. McKelvey's choice of forum is given little deference.

Further, private interest considerations compel the transfer of this case to California, a forum with a substantial connection to this case. Ms. McKelvey and her mother both reside in California. Also, Ms. McKelvey's diagnosing and treating doctors are located in California. No witnesses that have been identified thus far are located in D.C. *Accord* Def's Mem. Ex. B, *Abramson v. Eli Lilly & Co.*, No. 03-2541, *4 n.6 (D.D.C. Oct. 25, 2004) (DES case transferred to N.J. because plaintiff and her parents resided in N.J. and the prescribing and treating physicians practiced there; D.C. had no connection to the case); Def's Mem. Ex. A, *Thompson v. Eli Lilly and Co.*, No. 03-122 (June 27, 2003) (DES case transferred to Mass. because plaintiff, her mother, all of the treating physicians, and all of the fact witnesses resided there; D.C. had no factual nexus with the case).

Ms. McKelvey also asserts that the District of Columbia bears a factual nexus to this case based on a May 13, 1941 letter from Lilly regarding lobbying and DES drug applications. Pl.'s Mem. at 8 n.2. Ms. McKelvey's suit alleges DES exposure in 1971. The 1941 letter's connection

3

to this case is so attenuated that it does not establish a factual nexus with this forum. *Accord* Def's

Mem. Ex. B, *Abramson*, No. 03-2541 at *4 n.6 (lobbying efforts in 1941 did not tie case to D.C.).

        In addition, non-party witnesses that have been identified are within the subpoena

power of the Central District of California and are not within the subpoena power of this Court.

Generally, a subpoena may be served within the district or within 100 miles. Fed. R. Civ. P.

45(b)(2). Ms. McKelvey also asserts that she will voluntarily provide non-party witnesses for

deposition upon oral request and that subpoenas will not be necessary. Unfortunately, Ms.

McKelvey cannot guarantee the cooperation of non-party witnesses. Lilly is entitled to compel

testimony via subpoena if need be. A court's ability to compel the appearance of unwilling non-

party witnesses is an important factor in determining a motion to transfer. *DeLoach v. Phillip Morris*

*Cos., Inc.*, 132 F. Supp. 2d 22, 25 (D.D.C. 2000); *see Piper Aircraft v. Reyno*, 454 U.S. 235, 258-59

(1981) (finding that because many crucial witnesses were located overseas and therefore beyond the

reach of compulsory process, and because a large portion of the relevant evidence was located in

Great Britain, private interest factors weighed in favor of transferring venue).

        Ms. McKelvey argues that she chose to file her suit in the District of Columbia

because she was unable to find counsel in California and because her counsel, who is based in

Florida, also practices in the District of Columbia. She also points out that her experts are all located

on the East Coast. These arguments are unavailing, as the inconvenience and expense to plaintiff's

counsel and to expert witnesses are of minor importance under § 1404(a). *Froessl v. Expervision*,

No. 93-2126, 1994 WL 149855, *2 & *4 (D.D.C. Apr. 14, 1994).

        Public interest factors also weigh in favor of transfer. California is the forum that has

an interest in deciding this controversy. Not only is California the place where the cause of action

arose, it is also likely that under D.C.'s choice of law analysis California law applies.  *See Jaffe v. Pallotta Teamworks*, 374 F.3d 1223 (D.C. Cir. 2004) (discussing and applying D.C.'s choice of law rules).  Moreover, it is inequitable to impose the burden of trying this case on the District of Columbia and its limited resources when this District bears no connection whatsoever to the facts of this case.  *See* Def's Mem. Ex. B, *Abramson*, No. 03-2541 at *4-5 (when a case bears minimal connection to D.C., it is not appropriate to burden this jurisdiction and its limited resources with the suit).

For the foregoing reasons, Lilly's motion to transfer [Dkt. # 13] is **GRANTED**.  This case is **TRANSFERRED** to U.S. District Court for the Central District of California.

Date: April 12, 2007                                                      _____/s/_____
                                                                         ROSEMARY M. COLLYER
                                                                         United States District Judge